UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: FIORITO LITIGATION

Case Nos. 22-CV-0749 (PJS/TNL)
22-CV-0759 (PJS/TNL)
22-CV-0797 (PJS/TNL)
22-CV-0923 (PJS/TNL)
22-CV-0924 (PJS/TNL)
22-CV-0925 (PJS/TNL)
22-CV-0927 (PJS/TNL)

ORDER

Michael Fiorito, pro se.

Kristen Elise Rau, UNITED STATES ATTORNEY'S OFFICE, for respondents/defendants.

Michael Fiorito filed three petitions for a writ of habeas corpus in this District within the span of about a week. Around the same time, Fiorito commenced in state court four civil actions that were soon removed to this District. All seven of these proceedings relate, broadly speaking, to allegations of misconduct by officials at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"), where Fiorito is now incarcerated. The undersigned was randomly assigned to the first-filed of these seven cases; because common issues of law and fact appear likely to arise in each case, the six other matters have been reassigned to the undersigned as well.

Since filing these cases, Fiorito has peppered the Court with motions, amended pleadings, supplements to pleadings, exhibits, letters, and other documents. Fiorito's

vexatiousness is entirely counterproductive. Even if one or more of Fiorito's claims is meritorious, he will not be entitled to any relief, including preliminary injunctive relief, until the opposing parties have had an adequate opportunity to respond to his claims and arguments. And the opposing parties cannot be expected to respond to Fiorito's claims and arguments when those claims and arguments are constantly being changed.

There is very little reason to believe that Fiorito will voluntarily stop filing documents in these matters and thereby provide the opposing parties with a fair opportunity to respond to the documents he has already filed. Fiorito has filed dozens of (unsuccessful) lawsuits during his time in prison, and he has a long history of overwhelming courts with filings. *See United States v. Fiorito*, No. 07-CR-0212, ECF No. 535, at 2 & n.1 (D. Minn. Sept. 6, 2013) (noting "Fiorito's proclivity for overwhelming the Court with filings" that turned his motion under 28 U.S.C. § 2255 into a "constantly moving target"); *Fiorito v. Samuels*, No. 16-1064, 2018 WL 11307319, at *9 (C.D. Ill. Apr. 16, 2018) (noting Fiorito's "conduct and repetitive filings ignoring court orders"). Accordingly, the Court will impose a stay in these matters until July 19, 2022—the date on which the defendants to the civil actions have already been ordered to file an answer or a motion to dismiss in those cases. Any motion or other request

filed by any party in those matters during the stay period without advance permission of the Court will be summarily denied without comment.[1]

In the meantime, the Court will tie up some loose ends in these seven actions:

*A. Fiorito v. Fikes, No. 22-CV-0749 (PJS/TNL)*

Fiorito has applied for *in forma pauperis* ("IFP") status in each of the three habeas actions now before the Court, including this matter. *See* ECF No. 4. The Court has no reason to doubt that Fiorito qualifies financially for IFP status. Accordingly, the IFP applications will be granted. Fiorito's motion in this matter to "adopt" the IFP application filed by him in another habeas case brought in this District (unrelated to the seven cases now before the Court) will be denied as moot, as the IFP applications submitted by Fiorito now pending before the Court independently establish his financial eligibility for IFP status. *See* ECF No. 5.

Respondents will be directed to file an answer to the three habeas petitions filed by Fiorito now pending before the Court, including the petition commencing this matter. That response will be due on July 19, 2022—that is, the same date on which the answer or motion to dismiss of defendants is due in the four civil actions. Fiorito will

---

[1]Similarly, any new action filed by Fiorito related to the actions now before the Court will be stayed or, if appropriate, summarily dismissed as duplicative and therefore frivolous. The Court warns Fiorito that, should he persist in his vexatious conduct, the Court will impose appropriate restrictions—including, if necessary, an outright ban on filing new lawsuits. *See In re Tyler*, 839 F.2d 1290, 1293-95 (8th Cir. 1988). A second warning will not be given.

be afforded another 21 days—that is, until August 9, 2022—in which to file a reply to the answer. In other words, each of these seven cases will share deadlines that apply to all motions and briefs. *See* D. Minn. L.R. 7.1(c).

To the extent possible, the parties should not duplicate arguments within this litigation. This Court believes that each of the arguments presented by Fiorito in his habeas petitions likely can be addressed by the opposing parties in a single answer, while each of the claims presented by Fiorito in the civil actions likely can be addressed in a single motion to dismiss or responsive pleading. Fiorito, in turn, will be permitted to file only a single document in response to each answer or motion to dismiss submitted by the opposing parties.[2] Any arguments presented by Fiorito in response to the opposing parties outside of the permitted documents will not be considered by the Court.

### B. *Fiorito v. June*, No. 22-CV-0759 (PJS/TNL)

Three motions of Fiorito remain pending in this matter at this time. All three motions will be addressed briefly:

---

[2]For example, if the opposing parties file a single answer to Fiorito's habeas petitions and a single motion to dismiss with respect to each of Fiorito's civil actions, then Fiorito will be permitted to file two responsive documents—one with respect to the answer to the habeas petitions, and a second with respect to the motion to dismiss the civil actions.

First, Fiorito has applied for IFP status in this matter. *See* ECF No. 2. That IFP application will be granted.

Second, Fiorito has filed a motion to supplement his habeas petition. *See* ECF No. 13. That motion will be denied. To begin, the Local Rules of this District generally prohibit amendment by supplement, see D. Minn. L.R. 15.1(a), and an exception will not be made for Fiorito. But apart from this problem, Fiorito's "motion to supplement" is not truly a motion; it is a response to a prior order to show cause why his habeas petition should not be dismissed for failure to exhaust administrative remedies. Because Fiorito was directed by the Court to provide an explanation regarding exhaustion, he need not move to have that explanation considered, and his motion is therefore unnecessary.

Third, Fiorito has filed an ex parte motion for leave to file an attachment under seal. *See* ECF No. 8. That motion will remain pending at this time.

C. *Fiorito v. Thomas*, No. 22-CV-0797 (PJS/TNL)

Fiorito will again be granted IFP status in this third habeas proceeding. *See* ECF Nos. 8 & 9. Fiorito's motion to compel [ECF No. 11]—which seeks relief (access to legal materials allegedly necessary for prosecuting yet another lawsuit brought by Fiorito elsewhere) that is unrelated to the relief sought in the habeas petition that commenced

this action (the amendment of Fiorito's restitution payment installments)—will be denied.

### D. *Fiorito v. Drummy*, No. 22-CV-0923 (PJS/TNL)

Fiorito has filed three motions in this civil action: (1) a motion to remand this matter to state court; (2) a "motion to enforce default"; and (3) a motion to dismiss for lack of jurisdiction. All three will be denied.

The motion to remand is frivolous. Fiorito argues that the notice of removal in this matter was not timely filed, but by his own reckoning, defendants had 30 days in which to remove this case, and the notice of removal was filed on Day 30.[3] *See* 28 U.S.C. § 1446(b). Fiorito also objects that each of the defendants has not joined in or offered affirmative assent to the notice of removal, but this is a requirement only of cases removed pursuant to 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1446(b)(2)(A). This action was removed by a federal employee pursuant to 28 U.S.C. § 1442(a), and the unanimous-consent requirement of § 1446(b)(2)(A) therefore does not apply. Finally, Fiorito contends that this action has not been properly removed because the notice of removal was not accompanied by the required filing fee or application to proceed IFP. *See* 28 U.S.C. § 1914 (setting filing fees). The timeliness of a notice of removal is established by

---

[3] Fiorito argues, alternatively, that the removing defendant should be deemed to have been served with the complaint on the date that officials of the Bureau of Prisons other than the defendant learned that Fiorito would be filing this lawsuit in state court. This argument is both factually and legally unsupported.

the date on which that document is filed. *See* 28 U.S.C. § 1446(b)(1). Nothing in § 1914 prevents litigants from filing documents prior to payment of the filing fee or applying for IFP status, and this District's Local Rules contemplate that litigation may be commenced prior to the litigant's payment of the filing fee or application for IFP status. *See* D. Minn. L.R. 4.2(b). Whatever the consequences of the removing defendant's failure to pay the appropriate filing fee upon filing the notice of removal, those consequences do not include a declaration that the notice of removal was never "filed" in the first place. This lawsuit will remain in federal court.

Fiorito's remaining motions in this matter relate to his motion for remand. In his "motion to enforce default" [ECF No. 11], Fiorito insists that this lawsuit should not have been removed; that, had the lawsuit not been removed, the defendants would now be in default as a matter of state law; and that, accordingly, this Court should now enter a default judgment (or transfer this matter to state court for default judgment to be entered there). But as explained above, this matter was properly removed to this District. Fiorito's motion therefore fails at the first step.

Similarly, Fiorito requests that the Court dismiss this matter for lack of jurisdiction because, he argues once more, the notice of removal was ineffective. As a practical matter, this argument is perplexing. Regardless of whether the Court has jurisdiction over this case, nothing is now preventing Fiorito from filing a notice of

voluntary dismissal if he does not intend to litigate this matter in federal court. *See* Fed. R. Civ. P. 41(a). But in any event, the Court has jurisdiction over the claims raised in Fiorito's complaint, *see* 28 U.S.C. § 1331, and the notice of removal was effective in relocating those claims from state to federal court. All three of Fiorito's pending motions in this matter will therefore be denied.

Defendants have also filed a motion in each of the four civil actions removed to federal court asking that Fiorito be made to pay the removal fee for these matters.[4] The Prison Litigation Reform Act ("PLRA") requires that prisoners bringing a civil action or appeal in federal court be made responsible for the cost of the filing fees for initiating that civil action or appeal, regardless of whether the prisoner qualifies financially for IFP status. *See* 28 U.S.C. § 1915(a)(2), (b). But all four of the civil actions now before the Court were brought by Fiorito in state court, not in federal court. Nothing in the PLRA requires prisoners to pay the filing fees established by the state courts for the filing of civil actions in those venues. *Cf. Woodson v. McCollum*, 875 F.3d 1304, 1306-07 (10th Cir. 2017). Nor does the PLRA force prisoners to bear the cost of a defendant's decision to relocate litigation from state to federal court. It was defendants, not Fiorito, who opted to litigate the four non-habeas civil matters in federal court. Defendants were within

---

[4] Defendants also requested as part of that motion that they be afforded additional time in which to respond to the complaints. That aspect of the motion has already been granted.

their rights to make that decision, but by the same token, it is defendants who are responsible for the costs of that decision, not Fiorito. *See id.* Defendants therefore remain responsible for the removal fees in each of these four cases, and their motions to impose the removal fees upon Fiorito will be denied.

E. *Fiorito v. Lilo*, No. 22-CV-0924 (PJS/TNL)

Fiorito has filed two motions for a preliminary injunction in this matter. *See* ECF Nos. 13 & 14. Defendants are directed to respond to these motions by no later than July 19, 2022. The response to these motions for preliminary injunctive relief may be incorporated into defendants' responses to Fiorito's pleadings more broadly, if appropriate.

The Court will not, however, expedite consideration of Fiorito's motions for injunctive relief. As an initial matter, the Court doubts the urgency of the relief sought by Fiorito.[5] Leaving that aside, much of the delay necessary in adjudicating the requests for injunctive relief is due to Fiorito's own conduct within this litigation, as outlined above. Fiorito cannot, on the one hand, seek to amend his claims and arguments on a

---

[5]For example, Fiorito makes much of the allegation that he cannot accrue certain credits towards his release while he is detained in the special housing unit of FCI-Sandstone. Fiorito is not scheduled for release until 2026. If Fiorito is entitled to restoration of credits towards his sentence, then this Court has *years* to order that restoration.

near-daily basis and then, on the other hand, reasonably complain that the adjudication of those claims and arguments is happening too slowly.

### F.  *Fiorito v. Lilo*, No. 22-CV-0925 (PJS/TNL)

Only the motion of defendants to shift the removal fee pursuant to the PLRA remains pending in this matter.  For the reasons explained above, that motion is denied.

That said, although each of the actions filed by Fiorito is similar in many respects to the others, this action appears to be entirely duplicative of the action filed by Fiorito assigned to Case No. 22-CV-0924 (PJS/TNL)—so much so that it is not clear to the Court that Fiorito intended to file two separate lawsuits.  Accordingly, defendants will not be required to pay the removal fee for this matter until June 1, 2022.  If Fiorito did not intend to file this action separate from the action assigned to Case No. 22-CV-0924, then he may file a notice of voluntary dismissal in this matter, notwithstanding the Court's entry of a stay.  If Fiorito does not file a notice of voluntary dismissal by June 1, 2022, then defendants will be required to pay the removal fee for this matter.  Fiorito is warned, however, that continuing to pursue duplicative lawsuits may subject him to monetary or other sanctions.

### G.  *Fiorito v. Kensy*, No. 22-CV-0927 (PJS/TNL)

Fiorito's motion to amend the complaint in this matter [ECF No. 12] will be granted.  *See* Fed. R. Civ. P. 15(a)(1).  The Clerk of Court will be directed to redocket the

-10-

proposed amended complaint [ECF No. 12-1] as the amended complaint, which will become the operative pleading in this matter.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. These actions are STAYED until July 19, 2022. Any motion filed by any party without advance authorization of the Court during the pendency of the stay will be summarily denied.

2. In *Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL):

    a. The application to proceed *in forma pauperis* of Michael Fiorito [ECF No. 4] is GRANTED.

    b. Fiorito's motion to adopt the application to proceed *in forma pauperis* from another matter [ECF No. 5] is DENIED AS MOOT.

3. In *Fiorito v. June*, No. 22-CV-0759 (PJS/TNL):

    a. Fiorito's application to proceed *in forma pauperis* [ECF No. 2] is GRANTED.

    b. Fiorito's motion to supplement [ECF No. 13] is DENIED.

4. In *Fiorito v. Thomas*, No. 22-CV-0797 (PJS/TNL):

a. Fiorito's applications to proceed *in forma pauperis* [ECF Nos. 8 & 9] are GRANTED.

b. Fiorito's motion to compel [ECF No. 11] is DENIED.

5. In *Fiorito v. Drummy*, No. 22-CV-0923 (PJS/TNL):

a. Fiorito's motion to remand [ECF No. 12] is DENIED.

b. Fiorito's motion to enforce default [ECF No. 11] is DENIED.

c. Fiorito's motion to dismiss for lack of jurisdiction [ECF No. 14] is DENIED.

d. Defendants' motion for miscellaneous relief [ECF No. 4] is DENIED. Defendants are directed to pay the removal fee within seven days of the date of this order.

6. In *Fiorito v. Lilo*, No. 22-CV-0924 (PJS/TNL):

a. Defendants' motion for miscellaneous relief [ECF No. 4] is DENIED. Defendants are directed to pay the removal fee within seven days of the date of this order.

b. Defendants must respond to Fiorito's motions for preliminary injunctive relief [ECF Nos. 13 & 14] by no later than July 19, 2022. Fiorito may submit a reply to that response by no later than August 9, 2022.

7. In *Fiorito v. Lilo*, No. 22-CV-0925 (PJS/TNL):

    a. Defendants' motion for miscellaneous relief [ECF No. 4] is DENIED.

    b. Defendants must pay the removal fee for this matter by no later than June 1, 2022.  No removal fee will be assessed should Fiorito file a notice of voluntary dismissal in this matter on or before June 1, 2022.

8. In *Fiorito v. Kensy*, No. 22-CV-0927 (PJS/TNL):

    a. Fiorito's motion for leave to file an amended complaint [ECF No. 12] is GRANTED.

    b. The Clerk of Court is directed to redocket the proposed amended complaint [ECF No. 12-1] as an amended complaint.  That document is now the operative pleading in this matter.

    c. Defendants' motion for miscellaneous relief [ECF No. 4] is DENIED.  Defendants are directed to pay the removal fee within seven days of the date of this order.

9. Respondents are directed to file an answer to Fiorito's petitions for a writ of habeas corpus by no later than July 19, 2022, certifying the true cause and proper duration of Fiorito's confinement and showing cause why the

writ should not be granted in these cases. Respondents' answer should include such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Fiorito's incarceration, in light of the issues raised in the petitions; a reasoned memorandum of law and fact fully stating respondents' legal position on Fiorito's claims; and respondents' recommendation on whether an evidentiary hearing should be conducted in these habeas matters. If Fiorito intends to file a reply to respondents' answer, he must do so by no later than August 9, 2021. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order. Fiorito may only file one reply for each answer submitted by respondents.

Dated: May 9, 2022    s/Patrick J. Schiltz
                      Patrick J. Schiltz
                      United States District Judge